OPINION *Page 2 
{¶ 1} On August 24, 2007, the Licking County Grand Jury indicted appellant, Thomas Copperider, on one count of aggravated burglary in violation of R.C. 2911.11 and one count of violating a protection order in violation of R.C. 2919.27. Said charges arose from an incident wherein appellant entered the home of his ex-girlfriend, Kristina Wilson, even though at the time there was a civil protection order in effect prohibiting appellant from being within 500 yards of Ms. Wilson.
 {¶ 2} A jury trial commenced on April 22, 2008. During trial, appellant made a motion for mistrial, claiming juror misconduct. The trial court denied the motion. Appellant also made Crim. R. 29 motions for acquittal, claiming the state failed to prove the alleged crimes. The trial court denied the motions. The jury found appellant guilty as charged. By judgment entry filed April 23, 2008, the trial court sentenced appellant to an aggregate term of three years in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT COMMITTED ERROR AND DENIED DEFENDANT A FAIR AND IMPARTIAL TRIAL BY JURY IN FAILING TO GRANT APPELLANT'S MOTION FOR NEW TRIAL/MISTRIAL ON THE BASIS OF JUROR MISCONDUCT, AND FAILURE TO PROVE INDICTMENT ELEMENT."
 II {¶ 5} "THERE WAS INSUFFICIENT EVIDENCE TO CONVICT APPELLANT OF AGGRAVATED BURGLARY." *Page 3 
 I {¶ 6} Appellant claims the trial court erred in denying his motion for new trial/mistrial because of juror misconduct, and in denying his Crim. R. 29 motion for acquittal on the violating a protection order count for failure to prove indictment element. We disagree.
 JUROR MISCONDUCT {¶ 7} Crim. R. 33(A)(2) states a new trial may be granted due to misconduct of the jury if said misconduct materially affects a defendant's substantial rights. The decision to grant or deny a motion for new trial/ mistrial lies within the trial court's sound discretion.State v. Garner, 74 Ohio St.3d 49, 1995-Ohio-168; Rohde v. Farmer
(1970), 23 Ohio St.2d 82. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983) 5 Ohio St.3d 217.
 {¶ 8} During voir dire, the following exchange occurred between the trial court and a juror:
 {¶ 9} "THE COURT: ***We do not expect you to know the letter of the law that governs this particular case, nor will we question you on the specific law, so is there anyone who has any doubts or hesitation at this time of being able to abide by the law as I will give it to you, even though you may disagree with that particular statement of the law?
 {¶ 10} "(Indication by Mr. Gaul)
 {¶ 11} "THE COURT: Mr. Gaul. *Page 4 
 {¶ 12} "MR. GAUL: I'm retired 18 years with the State of Ohio Department of Rehabilitation and Correction and in those 18 years I had the opportunity to observe several convicted criminals.
 {¶ 13} "THE COURT: Um-hmm.
 {¶ 14} "MR. GAUL: And I look at the Defendant and I have to make up my mind and I have no doubt that he would be the type that would violate a protection order.
 {¶ 15} "THE COURT: Do you think that would hurt your ability to be fair or impartial here today?
 {¶ 16} "MR. GAUL: I believe it would.
 {¶ 17} "THE COURT: Okay. Thank you." T. at 31-32.
 {¶ 18} Defense counsel immediately moved for a mistrial. T. at 34. The trial court resolved the issue by excusing the juror for cause. T. at 34-36. No request was made for a curative instruction. Thereafter, voir dire continued for some twenty pages. Prospective jurors were questioned on their ability to be fair and impartial by both the prosecutor and defense counsel. Defense counsel specifically asked the following:
 {¶ 19} "MR. SANDERSON: ***Can you all use your common sense today, listen to the evidence and testimony, not say, well, he looks like a bad guy and, therefore, he must be a bad guy and decide this case using your common sense, not any type of profiling? Can you all do that?
 {¶ 20} "And since I let that cat out of the bag, is there anything that we've heard here in the courtroom today that thinks — that you think may impact your ability to give Mr. Cooperider the trial he deserves and that's a fair trial? Can you all do that? Is there *Page 5 
anybody who doesn't think they can do that based on things that were said?" T. . at 48-49.
 {¶ 21} The record does not indicate any negative responses.
 {¶ 22} After the jury was sworn in, defense counsel again made a motion for mistrial based on Juror Gaul's statements. T. at 63. The trial court denied the motion. T. at 67.
 {¶ 23} Upon review, we find there has been no showing of prejudice to appellant. FAILURE TO PROVE INDICTMENT ELEMENT
 {¶ 24} Crim. R. 29 governs motion for acquittal. Subsection (A) states the following:
 {¶ 25} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."
 {¶ 26} The standard to be employed by a trial court in determining a Crim. R. 29 motion is set out in State v. Bridgeman (1978),55 Ohio St.2d 261, syllabus:
 {¶ 27} "Pursuant to Crim. R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."
 {¶ 28} Count 2 of the indictment stated the following: *Page 6 
 {¶ 29} "The Jurors of the Grand Jury of the State of Ohio, within and for the body of the County aforesaid, on their oaths, in the name and by the authority of the State of Ohio, do find and present that Thomas D.Cooperider, on or about the 16th day of August, 2007, in the County of Licking aforesaid or otherwise venued in Licking County pursuant to Ohio Revised Code Section 2901.12, did while committing a felony offense, recklessly violate the terms of a Protection Order issued or Consent Agreement approved pursuant to Section 3113.31 of the Revised Code, to-wit: an order from Licking County Domestic Relations Court, Case Number 03 DR 359, and the said, Thomas D. Cooperider, having previously been convicted of one or more Violations of a Protection Order, pursuant to Section 2919.27 of the Revised Code, to-wit: Licking County Municipal Court, Case Number 05 CRB 401, Violating a Protection Order, a violation of Section 2919.27 of the Ohio Revised Code, and a misdemeanor of the first degree, in violation of Section 2919.27 (A)(1) of the Ohio Revised Code, a felony of the third degree, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Ohio."
 {¶ 30} Appellant moved for acquittal because the state did not prove beyond a reasonable doubt that appellant had previously violated the civil protection order as the certified copy of the conviction offered at trial did not contain the case number referenced (Case No. 05 CRB 401).
 {¶ 31} The exhibits at issue are State's Exhibits G and I. State's Exhibit G is a certified copy of the April 3, 2003 civil protection order that references the domestic relations case number listed in the indictment (Case No. 03 DR 359). The civil protection order was in effect until March 19, 2008. State's Exhibit I is a certified copy of *Page 7 
the municipal court's April 12, 2005 judgment entry of conviction for violating the civil protection order, but no case number is listed.
 {¶ 32} In Count 2, appellant was charged with violating the civil protection order on August 16, 2007. Despite the lack of a case number on the judgment entry of conviction, the evidence established appellant was subject to a civil protection order on August 16, 2007 to protect Ms. Wilson and her children. Ms. Wilson testified she was the one who requested the civil protection order which restricted appellant from coming to her residence. T. at 99-100. State's Exhibit I was also identified by Ms. Wilson. She was the victim in the case and the one who had filed the charges. T. at 100-101.
 {¶ 33} We find Ms. Wilson's testimony eliminated any issue as to whether or not the conviction in State's Exhibit I was the one referenced in Count 2 of the indictment.
 {¶ 34} Upon review, we find there has been no showing of prejudice to appellant.
 {¶ 35} Assignment of Error I is denied.
 II {¶ 36} Appellant claims there was insufficient evidence to support his conviction for aggravated burglary. We disagree.
 {¶ 37} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks at paragraph two of the syllabus, following Jackson v.Virginia (1979), 443 U.S. 307. *Page 8 
 {¶ 38} Appellant was convicted of aggravated burglary in violation of R.C. 2911.11(A)(1) which states the following:
 {¶ 39} "(A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:
 {¶ 40} "(1) The offender inflicts, or attempts or threatens to inflict physical harm on another."
 {¶ 41} In making the Crim. R. 29 motion for acquittal during trial, defense counsel argued there was no evidence of trespass. T. at 125-126. In his brief at 11, appellant argues no evidence was presented to establish he entered Ms. Wilson's residence "by force, stealth, or deception."
 {¶ 42} Ms. Wilson testified the door to her home was unlocked. T. at 97. She was in the kitchen and heard a "loud bang at the front door." Id. Thereafter, appellant started "beating the crap" out of Ms. Wilson's friend, Rich Mitchell. Id. Ms. Wilson testified she did not give appellant permission to come over, and appellant was not permitted in her home. T. at 98-100.
 {¶ 43} As we determined in Assignment of Error I, there was sufficient evidence via State's Exhibit G to establish appellant was prohibited from entering Ms. Wilson's home. Therefore, appellant was a trespasser. *Page 9 
 {¶ 44} Furthermore, appellant's actions of banging open the unlocked door and immediately proceeding to beat up Mr. Mitchell was sufficient evidence of force, as "[f]orce can include the effort necessary to open an unlocked door." State v. Lindsay, Licking App. No. 06CA0057,2007-Ohio-2211, ¶ 16, citing State v. Muniz, 162 Ohio App.3d 198,2005-Ohio-3580, ¶ 26.
 {¶ 45} Upon review, we find sufficient evidence was presented to support appellant's conviction for aggravated burglary.
 {¶ 46} Assignment of Error II is denied.
 {¶ 47} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
 Farmer, P.J. Edwards, J. and Delaney, J. concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. *Page 1